UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 20-mc-25212-GAYLES/TORRES

In Re Application of Deposito
Centralizado De Compensacion
Y Liquidaction De Valores
Decelave, S.A.,
_____/

## ORDER

**THIS CAUSE** comes before the Court on Applicant Deposito Centralizado De Compensacion Y Liquidacion De Valore Decevale, S.A.'s Motion for the Entry of an Order to Show Cause Why Corporate Respondents Should Not Be Held in Contempt and for Sanctions Against Corporate Respondents and Their Counsel (the "Show Cause Motion"), [ECF No. 46], and Corporate Respondents' Response in Opposition to Petitioner's Motion for Order to Show Cause and Motion to Vacate Magistrate Judge Torres' May 20, 2021, Order [D.E. 26], Objections to Findings of Fact and Conclusions of Law and Order Magistrate Judge Torres to Issue a Report and Recommendation to the Court (the "Motion to Vacate"). [ECF No. 47]. The Court has reviewed the Motions and the record and is otherwise fully advised. As set forth below, the Show Cause Motion is denied without prejudice, and the Motion to Vacate is denied.

**I.  BACKGROUND**

On December 22, 2020, Applicant Deposito Centralizado De Compensacion Y Liquidacion De Valore Decevale, S.A. ("Applicant") filed an *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding (the "Application"). [ECF No. 1]. In particular, Applicant sought discovery from Ecuador High Yield Bond Fund, LLC ("EHYB"), Argonaut FL, LLC ("Argonaut"), Penderton Management, LLC

("PMLLC"), Mr. Jorge Cherrez Miño ("Mr. Cherrez"), IBCorp Asset Management, Inc. ("IBCAM"), ICS Institutional Custody Services, LLC ("ICS"), and Citigroup, Inc. ("Citigroup") for use in reasonably contemplated civil and/or criminal proceedings in Ecuador to be filed against Applicant's former operations manager, Mr. Luis Alvarez Villamar ("Mr. Alvarez"). On January 27, 2021, the Court granted the Application (the "Ex Parte Order"). [ECF No. 5].

On March 16, 2021, Applicant moved to compel EHYB, Argonaut, PMLLC, IBCAM, and ICS (collectively the "Corporate Respondents") and Mr. Cherrez to comply with the subpoenas issued pursuant to the Ex Parte Order (the "Motion to Compel"). [ECF No. 13]. On March 30, 2021, Mr. Cherrez and the Corporate Respondents each filed motions to vacate the Ex Parte Order and to quash the subpoenas issued to them (the "Motions to Vacate/Quash"). [ECF Nos. 16, 17]. The Court referred the Motion to Compel and the Motions to Vacate/Quash to Chief Magistrate Judge Edwin Torres pursuant to 28 U.S.C. § 636(b)(1)(B). [ECF Nos. 14, 18].[1] On May 20, 2021, Judge Torres issued an order granting Mr. Cherrez's Motion to Vacate/Quash, denying the Corporate Respondents' Motion to Vacate/Quash, and granting in part Applicant's Motion to Compel (the "May 20 Order"). [ECF No. 26].

On May 28, 2021, the Corporate Respondents filed a Notice of Appeal of the May 20 Order, [ECF No. 28], and a Motion to Stay Pending Appeal, [ECF No. 27]. On May 29, 2021, Judge Torres denied the Corporate Respondents' request for a stay finding no irreparable harm and that the Motion was procedurally defective as the Corporate Respondents did not file objections to the May 20 Order with the District Court. [ECF No. 29]. Similarly, on July 8, 2021,

---

[1] On June 29, 2021, the Court referred the entire action to Judge Torres, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 37].

the Eleventh Circuit dismissed the appeal for lack of jurisdiction, holding that the May 20 Order was not rendered final by the District Court. [ECF No. 40].

Applicant then filed the instant Show Cause Motion asking the Court to enter an order to show cause as to why the Corporate Respondents should not be held in contempt for failure to comply with the subpoenas. In response, the Corporate Respondents moved to vacate the May 20 Order.

## II. DISCUSSION

The Corporate Respondents ask the Court to direct Magistrate Judge Torres to issue a Report and Recommendation and to consider their objections to the May 20 Order, which are encompassed in their Motion to Vacate. As a result, without deciding whether Judge Torres was authorized to enter the May 20 Order as opposed to a Report and Recommendation, the Court shall treat the May 20 Order as a Report and Recommendation.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

The Court has conducted a de novo review of the record and considered the Corporate Respondents' Objections to the May 20 Order, as set forth in their Motion to Vacate. Based on this review, the Court agrees with Judge Torres's well-reasoned analysis and findings. In particular,

the Court agrees that the Corporate Respondents' Motion to Vacate/Quash should be denied and that Applicant's Motion to Compel should be granted in part.

The Court, however, finds that Applicant's Show Cause Motion and request for sanctions should be denied without prejudice. Respondents filed their Notice of Appeal, albeit improper, eight days after the May 20 Order. Moreover, Respondents quickly moved to vacate the May 20 Order.  As a result, the Court does not find Respondents' failure to timely comply with the May 20 Order sanctionable. However, any further delay may result in the issuance of an order to show cause and the imposition of sanctions.

### III.   CONCLUSION

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1)   The Corporate Respondents' Objections to Judge Torres' May 20, 2021 Order are **OVERRULED**.

(2)   Judge Torres' May 20, 2021 Order is final.

(3)   Applicant's Motion for the Entry of an Order to Show Cause Why Corporate Respondents Should Not Be Held in Contempt and for Sanctions Against Corporate Respondents and Their Counsel, [ECF No. 46], is **DENIED without prejudice.**

(4)   Corporate Respondents' Response in Opposition to Petitioner's Motion for Order to Show Cause and Motion to Vacate Magistrate Judge Torres' May 20, 2021, Order, Objections to Findings of Fact and Conclusions of Law and Order Magistrate Judge Torres to Issue a Report and Recommendation to the Court, [ECF No. 47], is **DENIED**.

(5)   Corporate Respondents shall comply with the subpoenas and produce the subpoenaed documents within ten (10) days from the date of this Order and appear for their

depositions at a mutually agreeable date within thirty (30) days from the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of November, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE